IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-69,484-01 & -02






EX PARTE TIMOTEO JESUS GARZA III, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 19376 & 19377 IN THE 336TH DISTRICT COURT


FROM FANNIN COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of indecency
with a child and aggravated sexual assault, and sentenced to twenty and fifty years' imprisonment,
respectively. He did not appeal his convictions.

 On March 19, 2008, we remanded these applications and directed the trial court to enter
findings of fact and conclusions of law as to whether there was evidence in the record indicating that
Applicant was incompetent and whether trial counsel was ineffective for not requesting a
competency evaluation. On remand, the trial court entered findings of fact and concluded that
Applicant was not incompetent when he was adjudicated guilty and that trial counsel at the
adjudication of guilt hearing was not ineffective. We believe that the trial court should also enter
findings of fact and conclusions of law at to whether Applicant was competent when he pleaded
guilty and whether trial counsel at the original plea proceedings, Don Jarvis, was ineffective for not
requesting a competency evaluation.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel, Don Jarvis, with the opportunity to respond to Applicant's
claim of ineffective assistance of counsel. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 It appears that Applicant is represented by counsel. If he is not and the trial court elects to
hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes
to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing.
Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact as to whether there was evidence indicating
that Applicant was incompetent when he pleaded guilty. The trial court shall also make findings as
to whether the performance of counsel was deficient and, if so, whether his deficient performance
prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues.
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: January 14, 2009

Do not publish